UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

FILED

JUN 0 3 2025

CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

SPENGA INC. and SPENGA HOLDINGS, LLC,

Plaintiffs,

v.                    Civil Action No. 4:25-cv-251

KRISTIN ANTOINETTE HOWARD and MICHAEL THOMAS,

Defendants.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIMS**

Defendants Michael Thomas and Kristin Howard, appearing pro se, respectfully submit this Reply in support of their Motion for Leave to File Amended Counterclaims, and in response to Plaintiffs' Opposition (Dkt. 45).

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend "shall be freely given when justice so requires." See Foman v. Davis, 371 U.S. 178, 182 (1962). The Supreme Court has consistently emphasized that this rule "evinces a bias in favor of granting leave to amend," absent compelling reasons to deny it. Id.; see also Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir. 1986).

Courts in this Circuit recognize that the policy favoring amendment is to be applied with "extreme liberality." Mayeaux v. La. Health Serv. & Indem. Co., 376 F.3d 420, 425 (5th Cir. 2004). Unless there is evidence of "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of amendment," leave should be granted. Rosenzweig v. Azurix Corp., 332 F.3d 854, 864 (5th Cir. 2003); Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 245 (5th Cir. 1997).

Indeed, "the court must possess a substantial reason to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). The burden of showing why amendment should be denied rests squarely on the party opposing the amendment. Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981).

Here, Defendants' request for leave to amend is timely and not sought for any improper purpose. Plaintiffs have not shown—and cannot show—any undue prejudice, delay, or bad faith. Accordingly, the strong presumption in favor of amendment mandates that the Court grant Defendants' Motion.

## II. DEFENDANTS' NEW COUNTERCLAIMS ARE PLAUSIBLE AND WELL-FOUNDED

Defendants' amended counterclaims are directly rooted in the Plaintiffs' own misconduct and admissions during this litigation. The record shows that Plaintiffs and their counsel have engaged in a range of serious wrongdoing, including unlawful surveillance and wiretapping, the creation and dissemination of altered video evidence outside any legitimate discovery process, and repeated intimidation and refusal to engage in good-faith meet-and-confer obligations. Additionally, Plaintiffs have resorted to direct threats and coercion in an attempt to silence Defendants' legitimate concerns and defenses.

These allegations are not mere conjecture; they are supported by documented emails, sworn affidavits (including the affidavit of Kelly Campbell), and other exhibits already in the record. As the Fifth Circuit has made clear, the standard under Rule 12(b)(6) requires only that the allegations "plausibly suggest an entitlement to relief," not that they prove it conclusively at this stage. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). When factual allegations are "enough to raise a right to relief above the speculative level," they are legally sufficient to survive dismissal. Id. at 555.

Here, Defendants' counterclaims are far more than speculative—they are supported by multiple forms of credible, documented evidence and by conduct that is ongoing and documented in court filings and direct communications. The core allegations—unlawful surveillance and wiretapping, tampering with evidence, and intimidation—are themselves well-established bases for relief under federal and state law. Defendants have made a

"plausible showing" of these claims, which is all that is required at this early pleading stage. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Therefore, Plaintiffs' opposition fails to show that amendment would be futile or improper. The new counterclaims are plausible, well-founded, and directly responsive to Plaintiffs' misconduct—making leave to amend not only proper but essential to the fair adjudication of this case.

### III. PLAINTIFFS' OPPOSITION RELIES ON MISDIRECTION, NOT LAW

Plaintiffs' opposition to Defendants' motion to amend is not grounded in any meaningful application of law; rather, it relies almost entirely on broad assertions, personal attacks, and misdirection. Courts in this Circuit are clear that amendment should be freely given unless the opposing party can demonstrate undue prejudice, undue delay, or futility. See Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Plaintiffs have not met this burden.

First, Plaintiffs' claims of "futility" are entirely unsubstantiated. They offer no credible argument that Defendants' counterclaims are legally impossible or barred as a matter of law. Instead, they rely on generalized denials and rhetorical attacks—precisely the sort of misdirection that does not suffice under Rule 15 or the well-established pleading standards of Twombly and Iqbal. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007) (plausibility, not proof, at the pleading stage); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (same).

Second, Plaintiffs' argument that Defendants acted in "bad faith" is similarly without merit. This is the first amendment to Defendants' counterclaims, and it was made promptly in response to newly revealed misconduct by Plaintiffs—including sworn admissions in affidavits and repeated acts of intimidation and unethical conduct. There is no undue delay, dilatory motive, or improper purpose; rather, Defendants' motion is a good-faith effort to fully and fairly address the issues raised by Plaintiffs' own conduct. See Mayeaux v. La. Health Serv. & Indem. Co., 376 F.3d 420, 425 (5th Cir. 2004).

Third, Plaintiffs' repeated references to "AI technology" and "ChatGPT" are irrelevant to the Court's analysis. The use of generative AI or other research tools has no bearing on the legal sufficiency or factual plausibility of the counterclaims themselves. Local Rule CV-11(g) does not address or limit the use of generative AI—it merely requires that factual contentions have evidentiary support and that legal contentions are warranted by existing law. Defendants' allegations are well-supported by the record, and Plaintiffs' invocation of Local Rule CV-11(g) is a red herring intended to distract from the real issues in this case.

Finally, there is no undue prejudice to Plaintiffs in allowing these amendments. Discovery has not yet begun, and Plaintiffs will have a full and fair opportunity to address the new counterclaims through appropriate discovery and dispositive motions. Courts routinely hold that where no prejudice is demonstrated, amendments should be permitted. See Lowrey v. Texas A & M Univ. Sys., 117 F.3d 242, 245 (5th Cir. 1997).

Significantly, Plaintiffs' filings and emails for some time now reveal that they have effectively abandoned the merits of their original claims. Their focus has shifted almost exclusively to securing payment of their fees and costs—regardless of the substantial federal and state law violations committed by their counsel. This transparent shift underscores the bad-faith nature of this litigation and further supports why amendment should be granted to address these broader and increasingly important issues.

## IV. DEFENDANTS HAVE CONSISTENTLY ACTED IN GOOD FAITH

Defendants' pursuit of these amended counterclaims arises directly from the significant harm caused by Plaintiffs' repeated violations of federal and state law, including intimidation, threats, and unlawful wiretapping—acts that are independently actionable under federal statutes such as the Federal Wiretap Act (18 U.S.C. § 2511) and the Federal Cyberstalking Statute (18 U.S.C. § 2261A). Contrary to Plaintiffs' baseless assertions of "vexatiousness," these counterclaims are supported by sworn affidavits, documentary evidence, and Plaintiffs' own admissions in this case.

Throughout this litigation, Defendants have made three separate attempts at early resolution—each met with open hostility, personal attacks, and threats of baseless sanctions rather than genuine negotiation. Despite these efforts, Plaintiffs have consistently refused to engage in good-faith settlement discussions and have instead chosen to escalate the dispute through intimidation and obstruction.

At its core, this case is about Defendants' protected speech—specifically, a single 1-star factual review posted on Google—speech that is fully protected by the First Amendment. Yet Plaintiffs' filings and responses have focused not on the merits of that review, but on repeated efforts to silence Defendants through litigation tactics and the accumulation of attorney's fees. This transparent misuse of the courts to stifle protected speech only underscores the propriety of Defendants' new counterclaims and the good faith with which they have pursued them.

Courts have consistently held that allegations of intimidation and misconduct that are well-documented and directly related to the underlying dispute are proper grounds for amendment and should not be dismissed as mere "vexatious" conduct. See Chambers v. NASCO, Inc., 501 U.S. 32, 46 (1991) (recognizing the court's inherent authority to address bad-faith conduct that threatens the fair administration of justice). Defendants have acted with candor and diligence throughout these proceedings—responding to newly disclosed evidence, promptly addressing procedural matters, and filing motions only where necessary to protect their legal rights and family's livelihood.

Moreover, this is Defendants' first amendment to their counterclaims, and it has been brought within the procedural timelines permitted by Rule 15 and with no undue delay or improper purpose. See Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004) (leave to amend is proper where there is no showing of prejudice, delay, or bad faith). Defendants' conduct stands in stark contrast to Plaintiffs' pattern of threats, personal attacks, and evasion of genuine meet-and-confer obligations—tactics that have left Defendants no choice but to seek redress through these counterclaims.

In sum, Defendants' amended counterclaims are not a sideshow or a tactic to harass; they are a direct and necessary response to serious misconduct that has harmed Defendants' personal and professional lives. These allegations are grounded in documented facts and legal authority, and they deserve to be fully considered on the merits—not dismissed as "vexatious" without any supporting evidence.

## V. CONCLUSION

For the foregoing reasons, and as set forth in Defendants' Motion for Leave and this accompanying memorandum, Defendants respectfully request that the Court grant leave to file their Amended Counterclaims. These claims are directly responsive to Plaintiffs' own conduct and supported by detailed factual allegations, sworn affidavits, and documentary evidence.

Plaintiffs have failed to articulate any legally valid basis to oppose amendment under Rule 15. Their arguments rely on misdirection, personal attacks, and a continued effort to suppress protected speech rather than engage on the merits of this case.

Accordingly, Defendants respectfully request that this Court:

1. Grant Defendants' Motion for Leave to File Amended Counterclaims in its entirety; and

2. Award such other and further relief as the Court deems just and proper, including any relief necessary to ensure a fair and just adjudication of the issues raised herein.

Respectfully submitted,

*/s/ Kristin Howard*

Kristin Howard

Pro Se Defendant

*/s/ Michael Thomas*

Michael Thomas

Pro Se Defendant

509 Cavanal Hill Drive

Little Elm, TX 75068

Date: June 3, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2025, a true and correct copy of the foregoing Defendants Reply in Support of Amended Counterclaims was served via email and U.S. Mail to the following:

Erica Dotras

Mullin PC

2425 N. Central Expressway, Suite 200

Richardson, TX 75080

Email: erica.dotras@mullinlawpc.com


Frank Reino

Fisher Zucker LLC

21 S. 21st Street

Philadelphia, PA 19103

Email: freino@fisherzucker.com


Matthew Wilson

Fisher Zucker LLC

21 S. 21st Street

Philadelphia, PA 19103

Email: mwilson@fisherzucker.com

*[signature]*

Kristin Howard

Pro Se Defendant


*[signature]*

Michael Thomas

Pro Se Defendant

Date: June 3, 2025