**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **SPENGA, INC. and SPENGA HOLDINGS, LLC.**<br>*Plaintiffs*, | §<br>§<br>§<br>§<br>§ | |
| **v.** | §<br>§ | **CIVIL NO: 4:25-CV-251** |
| **KRISTIN ANTOINETTE HOWARD and MICHAEL THOMAS**<br>*Defendants.* | §<br>§<br>§<br>§ | |

**ORDER**

This action is hereby scheduled for mediation before the undersigned magistrate judge on **May 18, 2026, at 1:00 p.m.** Mediation will be conducted by Zoom and the parties should use the following link https://www.zoomgov.com/j/1603561485?pwd=76IFoaztENDzT2zKl1r94SZbhTVFEb.1 (Meeting ID: 160 356 1485)(Passcode: 577517) to attend mediation.

Unless excused by order of the court, clients, or client representatives with complete authority to negotiate and consummate a settlement shall be in attendance at the settlement conference. This requires the presence of the client or if a corporate, governmental, or other organizational entity, an authorized representative of the client. The defendant's representative must have the authority to commit the defendant to pay, in the representative's own discretion, the amount needed to settle the case up to the amount of the Plaintiff's demand[1]; the plaintiff's representative must have the authority, in the representative's own discretion, to authorize dismissal of the case with prejudice, or to accept the amount offered and needed to settle the case. If board approval is required to authorize settlement, the attendance of at least one sitting member of the board

---

[1] Defendant is not *required* to pay the amount of the Plaintiff's demand, instead the representative(s) present must have full authority in their sole discretion to do so.

(preferably the chairperson) authorized to settle as described above is required.  Any insurance company that is a party or is contractually required to defend or to pay damages, if any, assessed within its policy limits in this case must have a fully authorized settlement representative present. Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order. If trial counsel has been fully authorized to commit the client to pay or to accept in settlement the amount last proposed by the opponent, in counsel's sole discretion, the client, client representative, or insurance company representative, as applicable, need not attend. The purpose of this requirement is to have in attendance a representative who has both the authority to exercise his or her own discretion, and the realistic freedom to exercise such discretion without negative consequences, in order to settle the case during the settlement conference without consulting someone else who is not physically present. In the event counsel for any party is aware of any circumstance which might cast doubt on a client's compliance with this paragraph, s/he shall immediately discuss the circumstance with opposing counsel to resolve it before the settlement conference, and, if such discussion does not resolve it, request a telephone conference with the court and counsel.

In preparation for and in order to facilitate the scheduled mediation, counsel for each party is to submit by **5:00 p.m.** on **May 1, 2026**, a confidential mediation statement, by email to sherre_white@txed.uscourts.gov, not to exceed 5 pages which includes the following:

1.  A brief statement of the facts giving rise to this action;

2.  A description of the strongest and weakest points in your case and in your opponents' case, both legal and factual;

3.  The major obstacle as you perceive it to settlement;

4. The total cost (attorney fees and expenses) to your client to litigate this case to date,   and the total estimated cost to your client to continue this action beyond the settlement conference date, including the cost of trial through appeal;

5.  The name of each person participating in or attending the settlement conference on your behalf.

If you want me to review any deposition excerpts or exhibits, attach a hard copy to your letter. **For all attachments which are more than two pages in length (particularly deposition excerpts) place them in a binder with a table of contents and highlight and tab the portions that you want me to review.** I also will review the pleadings in the court file.  Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case please identify them.  A paper copy of all attachments exceeding 15 pages should be mailed or hand delivered to chambers, along with your confidential mediation statement.

In addition to submitting *ex parte* letters as required above, the parties shall exchange written settlement demands/responses prior to the commencement of the mediation.  First, Plaintiff shall forward a written settlement demand to the Defendant(s) no later than **April 17, 2026**.  Plaintiff's demand shall particularize, at a minimum, each category of damages claims and the method by which it was calculated, as required by Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure. Plaintiff's demand also shall include any request for non-monetary relief and the explanation and basis, therefore.  Defendant(s) shall respond, also in writing, by **April 24, 2026**.  The response shall address each category of damages claimed and shall likewise identify any evidentiary support for Defendant(s) response.  If the Defendant(s) intends to respond to the demand by offering nothing, that shall be expressly stated, and the response will include an explanation for this position.  **THIS CORRESPONDENCE BETWEEN THE PARTIES SHALL BE INCLUDED WITH THE *EX***

*PARTE* **LETTERS SUBMITTED TO THE COURT.  Failure to comply with the requirements of this paragraph may result in the postponement or continuation of the mediation conference.**

The demand and offer shall serve as the floor and the ceiling of the parties' negotiations at mediation**.**

All communications made in connection with the settlement conference are confidential and will not be disclosed to anyone, unless otherwise agreed to by the parties.  The confidential settlement statements and any documents requested and submitted for the settlement conference will be maintained in chambers and will be destroyed after the conference.

A telephone conference between the parties and the magistrate judge is scheduled for **May 15, 2026, at 10:30 a.m**.  The parties are call 1-571-353-2301 using guest code 938975264, ten (10) minutes prior to the start of the hearing.

**SIGNED this the 27th day of March, 2026.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE